UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

THELMA LOUISE ROSE,

    Plaintiff,

v.                                              CASE NO. 3:10-cv-1200-J-37JBT

MICHAEL J. ASTRUE, Commissioner
of the Social Security Administration,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying her application for a Period of Disability and Disability Insurance Benefits ("DIB"). In her application, Plaintiff alleged that she became disabled on September 27, 2005. (Tr. 100-04.) On October 21, 2008, an administrative hearing was held before the assigned Administrative Law Judge ("ALJ"). (Tr. 23-49.) The ALJ found Plaintiff not disabled by a decision dated February 5, 2009. (Tr. 11-22.) Thus, Plaintiff is appealing the Commissioner's decision that she was not disabled from September 27, 2005 through February 5, 2009.

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." FED. R. CIV. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); M.D. Fla. R. 6.02(a). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

1

Plaintiff has exhausted her available administrative remedies and the case is properly before the Court. The Court has reviewed the record, the briefs, and the applicable law. For the reasons stated herein, it is respectfully **RECOMMENDED** that the Commissioner's decision be **REVERSED and REMANDED**.

I. **Issues on Appeal**

In her original brief, Plaintiff raised two issues. First, Plaintiff argued that "[t]he Commissioner's Appeals Council did not apply the correct legal standards" because it failed to adequately consider certain new and material evidence presented for the first time to the Appeals Council after the ALJ had issued his written decision. (Doc. 13 at 2, 7-12.) The allegedly new and material evidence consists of a questionnaire completed by Plaintiff's primary care physician, Dr. Trina C. Martin; pharmacy information sheets for medications Plaintiff was taking prior to the date of the ALJ's decision; and copies of pages from the Physicians' Desk Reference, 2009 Edition. (*Id.*) Plaintiff also argued that "[t]he Commissioner's ALJ failed to make findings about the duties and physical requirements of [Plaintiff's] past relevant work and about her ability to perform those duties in spite of her impairments." (*Id.* at 2.)

The Court held oral argument on January 13, 2012 (Doc. 26), at which Plaintiff raised two additional issues that she did not explicitly argue in her original brief. In relation to the issue of whether the Appeals Council adequately considered the alleged new and material evidence, Plaintiff further argued that the Appeals Council failed to adequately explain its reasoning regarding this evidence. In addition,

Plaintiff argued that the hypothetical question posed by the ALJ to the vocational expert ("VE") failed to include all of Plaintiff's recognized impairments. The Court ordered supplemental briefing on these arguments (Docs. 25 & 27), which the parties submitted (Docs. 28 & 29).

**II.    Summary of Recommendation**

The Court recommends reversal on the basis that the hypothetical question posed by the ALJ to the VE failed to include all of Plaintiff's recognized impairments. Accordingly, the Court need not decide the other issues raised by Plaintiff. *See Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam); *Freese v. Astrue*, 2008 WL 1777722, at *3 (M.D. Fla. Apr. 18, 2008); *see also Demenech v. Sec'y of the Dep't of Health & Human Servs.*, 913 F.2d 882, 884 (11th Cir. 1990) (per curiam).

Although the undersigned need not recommend reversal based on the Appeals Council's consideration of the allegedly new and material evidence, or its explanation thereof (Doc. 13 at 7-12; Doc. 29 at 5-10), these are arguably reversible issues as well. The ALJ gave "considerable weight" to one of Dr. Martin's opinions and noted the "ongoing treating relationship" between Plaintiff and Dr. Martin. (Tr. 20.)  Dr. Martin's opinions submitted to the Appeals Council were inconsistent with the ALJ's residual functional capacity ("RFC")[2] assessment. (*Compare* Tr. 17-20

---

[2] RFC is defined in the regulations as what an individual "can still do despite [her] limitations."  20 C.F.R. § 404.1545(a).

*with* Tr. 346.) Thus, it is at least arguable that this evidence was "new and material," in that "'there is a reasonable possibility that [it] would change the administrative outcome.'"[3] *Flowers v. Comm'r of Soc. Sec.*, 441 F. App'x 735, 745 (11th Cir. 2011); *see also Johnson v. Comm'r of Soc. Sec.*, 2012 WL 469809, at *6-8 (M.D. Fla. Feb. 13, 2012). Moreover, the Appeals Council may have been required to do more than summarily conclude "[w]e found that this information does not provide a basis for changing the [ALJ's] decision" when it denied review of that decision (Tr. 1-2). The undersigned will recommend that the ALJ be instructed on remand to consider all of the evidence submitted to the Appeals Council along with all other material evidence.

Moreover, although the Court need not decide whether "[t]he Commissioner's ALJ failed to make findings about the duties and physical requirements of [Plaintiff's] past relevant work and about her ability to perform those duties in spite of her impairments," (Doc. 13 at 2), the undersigned will recommend that, on remand, the ALJ be ordered to clearly articulate his RFC assessment and adequately explain any decision that Plaintiff can perform her past relevant work or other work in the national economy, if applicable, so as to allow for meaningful review. *See Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) ("[W]hen the ALJ fails

---

[3] The Court is less persuaded that the other evidence submitted to the Appeals Council, i.e., the pharmacy information sheets and the copies of pages from the Physicians' Desk Reference, would have changed the administrative outcome. However, the undersigned will recommend that the ALJ be instructed on remand to consider all of the evidence submitted to the Appeals Council along with all other material evidence.

to 'state with at least some measure of clarity the grounds for his decision,' we will decline to affirm 'simply because some rationale might have supported the ALJ's conclusion.'" (citation omitted)).

III. **Standard of Review**

As the Eleventh Circuit recently stated,

> We review the ALJ's decision "to determine if it is supported by substantial evidence and based on proper legal standards." "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderates against the ALJ's findings, we must affirm if the decision reached is supported by substantial evidence." In conducting this review, we may not reweigh the evidence or substitute our judgment for that of the ALJ. With respect to the ALJ's legal conclusions, however, our review is *de novo*.

*Carson v. Comm'r of Soc. Sec.*, 440 F. App'x 863, 864 (11th Cir. 2011) (citations omitted).

IV. **Analysis**

"In order for a [VE's] testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002) (citing *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999)). Although VE testimony is not necessary in determining whether a claimant can perform her past relevant work, *Lucas v. Sullivan*, 918 F.2d 1567, 1573 n.2 (11th Cir. 1990), if the ALJ chooses to rely on VE testimony, it must be given in response to a hypothetical which comprises all of the claimant's impairments. *Dial v. Comm'r of Soc. Sec.*, 403 F. App'x 420,

5

421 (11th Cir. 2010). Failure to comply with these requirements is not harmless. *Id.*

Here, the ALJ concluded that Plaintiff was not disabled because she was "capable of performing past relevant work as a cleaner/housekeeper and laundry worker." (Tr. 21.) In reaching this conclusion, the ALJ relied exclusively on the VE's testimony given at the administrative hearing in response to the following hypothetical:

> I want you to assume a 56 year old individual with the work background and education as testified to by the claimant. I want you to assume that the individual can sit up to six hours per day, stand or walk up to six hours per day, lift up to twenty pounds occasionally and ten pounds frequently, occasional bending or stooping, occasional crawling, frequent stairs, no ladders, ropes and scaffolds, occasional crouching, occasional kneeling. <u>I want you to assume occasional reaching above shoulder level, but with the right arm limited to five pounds</u>, no work around unprotected heights. Could such an individual perform any of the past work of the claimant?

(Tr. 44-45 (emphasis added).) Based on this question, the VE testified that Plaintiff was capable of performing her past relevant work as a cleaner/housekeeper and laundry worker, which testimony the ALJ adopted as his own conclusion.

However, in his decision, the ALJ stated that Plaintiff "is <u>precluded</u> from lifting at or above shoulder level bilaterally." (Tr. 20 (emphasis added).)[4] In reaching this

---

[4] The ALJ's decision is confusing and/or contradictory in several key respects. He states in his RFC finding that "the claimant has the [RFC] to perform light work as defined in 20 CFR 404.1567(b) except she is limited in reaching at shoulder height or above bilaterally." (Tr. 17.) However, nowhere does he explain the extent to which Plaintiff is limited in this regard. Moreover, in explaining his RFC assessment, the ALJ concluded that Plaintiff "is precluded from lifting at or above shoulder level bilaterally." (Tr. 20.) In his hypothetical to the VE, the ALJ further confused and conflated the issues of reaching and lifting when he stated, "I want you to assume occasional reaching above shoulder level, but

6

conclusion, the ALJ attributed "[c]onsiderable weight" to Dr. Michael N. Fulton's opinion that Plaintiff has "an <u>inability</u> to lift at or above shoulder level bilaterally." (Tr. 20 (emphasis added).) Dr. Fulton, who treated Plaintiff on numerous occasions between September 2002 and March 2004, opined that Plaintiff "will be unable to do any lifting or carrying at shoulder height or above." (Tr. 180; *see also* Tr. 173 ("The patient is to avoid work at shoulder height or above."); 174 ("She has had marked worsening, primarily with anterior pain and is unable to do any work overhead."); 175 ("I have asked her to minimize activities at shoulder height or above with her work."); 178 ("[Sh]e cannot do any lifting at shoulder height or above. These restrictions will be for the foreseeable future.").

Given that the ALJ's hypothetical failed to include Plaintiff's limitation that she is "precluded from lifting at or above shoulder level bilaterally" (Tr. 20), and instead imposed the lesser limitation of "occasional reaching above shoulder level, but with the right arm limited to five pounds" (Tr. 45), the VE's testimony in response to that hypothetical did not constitute substantial evidence. *Wilson*, 284 F.3d at 1227. Therefore, the ALJ's conclusion that Plaintiff was capable of performing her past relevant work, which was based exclusively on the subject VE testimony, is not supported by substantial evidence, and reversal and remand is required. *See Dial*, 403 F. App'x at 421.

---

with the right arm limited to five pounds . . . ." (Tr. 45.) The ALJ's lack of clarity on this critical finding of his RFC assessment prevents the Court from engaging in meaningful review. *See Winschel*, 631 F.3d at 1179.

7

Because the Court is recommending reversal and remand on the basis of the issue discussed above, the Court has not engaged in an in-depth analysis of Plaintiff's other arguments. *See Jackson*, 801 F.2d at 1294 n.2; *Freese*, 2008 WL 1777722, at *3; *see also Demenech*, 913 F.2d at 884 (11th Cir. 1990). However, although the undersigned need not recommend reversal based on the Appeals Council's consideration of the allegedly new and material evidence, or its explanation thereof (Doc. 13 at 7-12; Doc. 29 at 5-10), these are arguably reversible issues as well. The ALJ gave "considerable weight" to one of Dr. Martin's opinions and noted the "ongoing treating relationship" between Plaintiff and Dr. Martin. (Tr. 20.) Dr. Martin's opinions submitted to the Appeals Council related to the period prior to the ALJ's decision and were inconsistent with the ALJ's RFC assessment.[5] (*Compare* Tr. 17-20 *with* Tr. 346.) Thus, it is at least arguable that this evidence was "new and material," in that "'there is a reasonable possibility that [it] would change the administrative outcome.'" *Flowers*, 441 F. App'x at 745; *see also Johnson*, 2012 WL 469809, at *6-8.

Although the Appeals Council has discretion not to review the ALJ's decision, "the Appeals Council must show in its written denial that it has adequately evaluated the new evidence." *Flowers*, 441 F. App'x at 745 (citation omitted); *see also Johnson*, 2012 WL 469809, at *6-7. The Appeals Council summarily concluded

---

[5] The questionnaire completed by Dr. Martin was dated March 24, 2009, but Dr. Martin opined that the onset date of the limitations she imposed on Plaintiff was December 2007. (Tr. 346.)

8

"[w]e found that this information does not provide a basis for changing the [ALJ's] decision" when it denied review of the ALJ's decision (Tr. 1-2). It is doubtful that this statement represents an adequate evaluation of the subject evidence, as opposed to a "perfunctor[y] adhere[nce]" to the ALJ's decision. *Flowers*, 441 F. App'x at 745. Regardless, since the undersigned is recommending reversal based on the first issue stated above, it is also recommended that the ALJ be instructed to consider all of the evidence submitted to the Appeals Council on remand along with all other material evidence.

Moreover, although the Court need not decide whether "[t]he Commissioner's ALJ failed to make findings about the duties and physical requirements of [Plaintiff's] past relevant work and about her ability to perform those duties in spite of her impairments," (Doc. 13 at 2), the undersigned will recommend that, on remand, the ALJ be ordered to clearly articulate his RFC assessment and adequately explain any decision that Plaintiff can perform her past relevant work or other work in the national economy, if applicable, so as to allow for meaningful review. *See Winschel*, 631 F.3d at 1179.

Accordingly, it is respectfully **RECOMMENDED** that:

1.  The Clerk of Court be **DIRECTED** to enter judgment, pursuant to sentence four of 42 U.S.C. § 405(g), **REVERSING** the Commissioner's decision and **REMANDING** with instructions to the ALJ: (a) to reconsider whether Plaintiff is capable of performing her past relevant work and, if the ALJ intends to rely on VE

testimony, pose a hypothetical question to the VE that comprises all of the Plaintiff's impairments; (b) to consider the evidence not previously considered by the ALJ but presented to the Appeals Council (Tr. 165-71, 323-46) along with all other material evidence; (c) to clearly articulate his RFC assessment and adequately explain any decision that Plaintiff can perform her past relevant work or other work in the national economy, if applicable, so as to allow for meaningful review; and (d) to conduct any further proceedings deemed appropriate.

    2.    The Clerk of Court be further **DIRECTED** to close the file.

    3.    Should this remand result in the award of benefits, pursuant to Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure, Plaintiff's attorney be **GRANTED** an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b) and be **DIRECTED** to file such a petition within **thirty (30) days** from the date of the Commissioner's letter sent to Plaintiff's counsel of record at the conclusion of the Agency's past due benefit calculation stating the amount withheld for attorney's fees.

    **DONE AND ENTERED** at Jacksonville, Florida, on March 8, 2012.

*/s/ Joel B. Toomey*
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Roy B. Dalton, Jr.
United States District Judge

Counsel of Record